[Crim. No. 1721.  First Appellate District, Division One.—September 30, 1933.]

## THE PEOPLE, Respondent, v. JOE PACHECO et al., Appellants.

Thomas T. Califro for Appellants.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Respondent.

THE COURT.—Appellants and others named White, Pedro, Hickey and Jones were charged in an indictment with robbing one Hazelhofer of a sum of money, a stickpin and a quantity of alcoholic liquor.  All with the exception of Hickey were found guilty by a jury, and sentenced to imprisonment in the state prison.  Pacheco and Viola have appealed from orders denying their motions for a new trial, and from the judgments.

They claim that the evidence was insufficient to support the verdicts of the jury.

The robbery was committed during the evening of October 6, 1932.  The evidence tends to show that Viola lived at Pacheco's house in Oakland; that both were there at about 6:30 P. M. on said date.  Shortly before that hour one

Diffiore agreed to lend Pacheco a Chevrolet delivery truck. On the morning of the same day defendant White negotiated with Hazelhofer for the purchase of a quantity of alcohol, which the latter agreed to procure. During the afternoon White returned with appellant Viola, who, under the name of Marino, was represented to Hazelhofer to be a prospective purchaser of the liquor. The price was fixed, and Viola agreed to call for it at 5 o'clock P. M. At 4 o'clock White returned and stated that he was about to depart for St. Helena to procure a load of grapes. At about 7 o'clock Viola appeared with a Chevrolet truck corresponding in appearance and model with the vehicle borrowed from Diffiore. He had left Pacheco's premises at the same time with Pacheco, Pedro, Jones and Hickey. While Viola was apparently making a test of the alcohol which Hazelhofer had procured, defendants Pedro, Jones and Hickey entered and bound both Hazelhofer and Viola. They took from the former the property above mentioned and carried the liquor away in the Chevrolet truck. They also took Viola's watch.

While the evidence shows that Viola knew the three defendants last mentioned he showed no sign of recognition at the time of the robbery.

Immediately after the robbery, Pedro, with White and Pacheco, returned to the latter's house and Diffiore's truck was delivered to him. On the following day Viola, in Pacheco's presence, requested Diffiore to state if questioned that the truck was lent to him, Viola. The latter's watch and Hazelhofer's stickpin were later found in Pacheco's house.

Appellants, particularly Viola, contend that they are the innocent victims of circumstances and took no part in the crime. The evidence, however, was amply sufficient to support the conclusion that Pacheco conspired with the others to commit the robbery. As to Viola, his association with the others before, and his conduct at the time of the offense, his conversation subsequently with Diffiore, together with the fact that his watch was found in Pacheco's house, strongly tended to show that he aided and abetted the commission of the offense. The inferences to be drawn from appellants' conduct were questions for the jury (*People* v. *Donnolly*, 143 Cal. 394 [77 Pac. 177]); and if the circumstances are such as to reasonably justify the inference of

guilt, their finding is conclusive upon the appellate court, even though an inference of innocence might have been drawn. (*People* v. *Page,* 86 Cal. App. 148 [260 Pac. 591]; *People* v. *McGee,* 99 Cal. App. 178 [277 Pac. 1060].)

Sufficient was shown to warrant the conviction, and the record discloses no ground for reversal.

The orders and judgments appealed from are accordingly affirmed.